MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven Docket CR8-82726;
Linda Stambovsky, Defense Counsel, for Petitioner.
Robert O'Brien, Assistant State's Attorney, for the State. CT Page 1169
FOR THE DIVISION
Following a jury trial the petitioner was found guilty of felony murder in violation of Connecticut General Statutes Section 53a-54c, burglary in the first degree in violation of Connecticut General Statutes Section 53a-101(a)(2), and robbery in the first degree in violation of Connecticut General Statutes Section 53a-134(a)(1) for which he received a total effective sentence of forty (40) years on the felony murder count and fifteen (15) years each on the burglary and robbery counts, all of which were to run concurrently.
The file indicates the petitioner and a co-defendant went to the victim's house to steal a VCR and money to satisfy a drug debt owed to the petitioner by the co-defendant who was acquainted with the victim. After getting into an argument with the victim, the co-defendant took an electrical cord and, while the petitioner looked on, strangled the victim to death. With no promises as to a recommended sentence in the petitioner's case, he testified at the co-defendant's trial, essentially afixing the blame for the murder on the co-defendant. After the incident, the defendants took $250.00 in quarters from the victim's home along with the VCR and the victim's car. The petitioner was arrested after he was spotted driving around in the victim's car.
The petitioner's counsel asks that the division consider the circumstances surrounding her client's history and cooperation in applying the litmus test for modification which is set forth in Practice Book Section 942. Citing petitioner's testimony in the co-defendant's case, a long history of heavy substance abuse and the claim by him that it was the co-defendant who physically committed the murder, counsel urges the division to modify the sentence downward to the appropriate minimum confinement. The petitioner should not be painted with the same brush as the co-defendant [whose conviction and fifty (50) year sentence was overturned on appeal, see State v. Mooney, 218 Conn. 85 (1991)] and petitioner's prior history of crimes against property only, according to petitioner's counsel.
The state maintains the sentence was fair and proportionate taking into account the fact that a life was taken, the life of a man who left five children and others in his family totally devastated. Pointing out that the pre-sentence report concluded that the petitioner was unfit to live with society, the state avers the forty (40) year sentence was appropriate. The state also agrees that no consideration should be given to the ultimate disposition of the co-defendant's case as that outcome pivoted on a legal rather than a factual issue. CT Page 1170
In concluding that the sentence was fair and proportionate, we note that the events leading to the victim's death were precipitated by the petitioner's desire to obtain repayment of money owed to him by the co-defendant for illegal drug activity. Even when viewed in a light most favorable to the petitioner, the fact is that the petitioner stood by and allowed the victim to die a horrible death at the hands of his co-defendant during a robbery, a classic felony murder scenario.
As stated by the sentencing judge, "Whether we call it a felony murder or arson murder or perhaps even capital murder. . . even though we might put a descriptive adjective in front of it. . . is of no consequence. What it really means is that someone or more persons criminally ended another person's life without justification."
We affirm the sentence.
STANLEY, J.
KLACZAK, J.
NORKO, J.